MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff
MICHAEL CEBELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CEBELL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA AND DOES 1 THROUGH 10,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN** |

COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN

Plaintiff MICHAEL CEBELL alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* (hereafter, "ERISA") as it involves a claim by Plaintiff for long-term disability benefits under an employee welfare benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331, as this action involves a federal question.

2. The events and/or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted. Plaintiff has exhausted all administrative remedies.

4. Plaintiff MICHAEL CEBELL ("MR. CEBELL" and "PLAINTIFF"), at relevant times is, and has been, a resident of Kern County, and citizen of the State of California.

5. Plaintiff alleges upon information and belief that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Maine, and is authorized to transact and is transacting the business of insurance in this state.

6. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true

names and capacities in place and instead of the fictitious names when the same become known to plaintiff.

7. Plaintiff is informed and believes and thereon alleges that UNUM issued Group Insurance Policy Number 950293 to Hocking Denton Palmquist and the eligible participants and beneficiaries of the Hocking Denton Palmquist Long Term Disability Plan (the "Plan"), an employee welfare benefit plan established and maintained by Hocking Denton Palmquist, an accounting firm headquartered in Bakersfield, California, to provide its employees with income protection in the event of a disability.

8. The Policy provides for Long-Term Disability benefits equal to 60% of MR. CEBELL's Pre-disability Earnings, reduced by Other Income Benefits, following a 180-day month Elimination Period, up to a maximum of $15,000 per month. Under the terms of the Policy, should he remain disabled, MR. CEBELL would be entitled to benefits through September 23, 2022.

9. The Plan defines "Totally Disabled" as follows:

For the first 30 months, **you** are **totally disabled** when **you** are rendered unable to perform with reasonable continuity the substantial and material acts necessary to pursue your **usual occupation** in the usual and customary way. After benefits have been paid for 24 months of **disability you** are **totally disabled** when **you** are:

- rendered unable to perform with reasonable continuity the substantial and material acts necessary to pursue your **usual occupation** in the usual and customary way; and
- rendered unable to engage with reasonable continuity in another occupation in which **you** could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, physical and mental capacity.

Substantial and material acts, as used in the above definitions of **disability,** means acts that

- are normally required for the performance of your **usual occupation** or another occupation; and
- cannot be reasonably omitted or modified.

The loss of a professional or occupational license or certification does not, in itself, constitute **disability**. (Emphasis in original.)

10. Prior to his disability, MR. CEBELL worked as a Certified Public Accountant for Hocking Denton Palmquist, an accounting firm. He began working for the firm in 1981, and was made a partner in 1983. Plaintiff's job duties included, but were not limited to, preparing tax returns and assisting clients with tax planning. The job required extremely long hours of sitting at a desk, reviewing documents and using a computer. The job also required continuous use of a keyboard; reaching, lifting, carrying, pushing, pulling, bending and twisting; and intense, constant concentration. For many years, MR. CEBELL would work 100 hours per week, but in about 2004, he changed to 60-70 hours per week due to neck, arm and back pain.

11. Unfortunately, as of March 28, 2019, MR. CEBELL was no longer able to perform the duties of his occupation and became total disabled as defined by the Plan to due significant neck pain and low back pain that continued despite MR. CEBELL's attempt to treat the pain through a variety of methods, including surgery.

12. MR. CEBELL filed a claim for long-term disability benefits, along with supporting documentation including Attending Physician Statements and supporting medical records. The Attending Physician Statement, completed by Jorge Del Toro, M.D. explained that MR. CEBELL suffered from "severe spinal stenosis with radiculopathy," which caused, among other symptoms, "lower back pain radiating down to the legs." MR. CEBELL also submitted to back surgery in July 2019, and provided those records to UNUM.

13. After reviewing the medical records and other claim forms, UNUM initially agreed that MR. CEBELL was disabled and entitled to disability benefits. UNUM approved and paid MR. CEBELL's claim for about two months; from September 24, 2019 to November 18, 2019.

14. However, by letter dated December 5, 2019, UNUM informed MR. CEBELL that "we will not be able to approve the payment of these benefits," and that if he disagreed with UNUM's claim decision, he could submit an appeal with updated medical records.

15. MR. CEBELL requested an appeal of UNUM's claim decision in a timely manner. In the letter, dated September 3, 2020, MR. CEBELL submitted updated medical records, a letter of support from Dr. del Toro, three personal statement (written by MR. CEBELL, his wife and a former partner at the accounting firm) and a vocational report in support of his disability claim. The documents all offered further support for MR. CEBELL's claim.

16. For example, in his personal statement, MR. CEBELL explained that he could not continue to work "because of the constant pain and inability to focus, concentrate, stay on task and process complex financial information." Indeed, he noted that his pain was not easing up, despite his surgeries, other treatment and medication, and that he could "could actually feel the nerve pain get worse after spending just two or three hours in a chair reading." The personal statements from his wife and former accounting partner tell a similar story.

17. In Dr. del Toro's August 14, 2020 letter supporting MR. CEBELL's disability claim, he stated that notwithstanding UNUM's claim decision, "Mr. Cebell remains totally disabled due to the severity of his diagnoses including but not limited to disc degeneration, lumbar region (M51.36), spinal stenosis, lumbar region (M48.07), chronic low back pain (M54.5), post laminectomy syndrome (M96.1), lumbar radiculopathy (M54.16), lumbar radiculitis (M54.16), and severe progressive essential tremors." Dr. del Toro noted that he had been treating MR. CEBELL since

June 2015, and that his "complaints are consistent with his long history of cervical and lumbar disc disease, which ultimately required surgery in November of 2000 (cervical fusion of C5-C6, C7-C8), November of 2004 (cervical anterior and posterior C4-C5), June 2008 lumbar fusion (L4-L5) and two laminectomies (L4-L5, L5-S1) and July 2019 (two laminectomies and micro decompressions at L2-L3, L3-L4)." Dr. del Toro also noted that, in addition to the pain, MR. CEBELL's medication, which includes Gabapentin, Percocet, Temazepam and MS Contin, causes "fatigue, brain fog, and drowsiness, all of which continue to impact his ability to maintain focus and concentration."

18. The vocational report, prepared by Charles Galarraga, MS, CRC, LCPC, included the conclusion that: "[a]fter reviewing all file referral information as outlined within the resource section of this report, interviewing the claimant with regards to his training, education, and work history, reviewing a Transferrable Skills Analysis performed by Karen Moore, MS, CRC dated for 9/04/19, and completing a telephonic Labor Market Study within a 50-mile radius of claimant's address and beyond within the national economy, it is in the opinion of this VRC that the claimant cannot perform the substantial and material duties of his Own Occupation from a vocational standpoint."

19. In further support of his appeal and claim, MR. CEBELL, provided UNUM with updated medical records, which further confirmed his ongoing disability and entitlement to benefits, including, but not limited to the following:

- On February 27, 2020, Dr. del Toro reported that MR. CEBELL suffered from "significant neck pain and low back pain," as well as limited range of motion, inflammation secondary to prior surgeries and pain with flexion and extension. According, he opined that MR. CEBELL "remains completely and totally disabled" and is unable "to return to his usual and customary employment as a CPA."

- On March 24, 2020, Raghunath Kuchakulla, M.D. noted that while MR. CEBELL "is very motivated and actively pursuing multidisciplinary and multimodal pain management and functional restoration to achieve best progress," he still experiences pain in the lower back, radiating to lower extremities and hips pain, with numbness and tingling in lower extremities." Indeed, on examination, MR. CEBELL's range of motion in his lower back was greatly diminished.
- On April 21, 2020, Vinod Mungalpara, M.D. examined MR. CEBELL and noted his complaints of lower back pain, radiating to both hip and legs.

20. Despite all of the additional documentation MR. CEBELL provided in support of his claim, by letter dated February 3, 2021, UNUM informed MR. CEBELL that it was upholding its decision to terminate his long-term disability benefits claim as of November 19, 2019, despite the overwhelming evidence he presented supporting his ongoing inability to continue working as a Certified Public Accountant.

21. UNUM's conclusion was primarily supported by the opinions of a paper-review physician who did not examine MR. CEBELL and the opinion of a vocational consultant who disagreed with Mr. Galarraga regarding the job duties of CPA. UNUM failed to properly consider the opinion of his treating physicians that he could not work, failed to give proper credence to diagnostic testing, failed to give proper credence to the result of the FCE and failed to properly consider MR. CEBELL's actual job duties.

22. MR. CEBELL performed all of his obligations under the Policy and Plan. Despite this, to date, MR. CEBELL has not received all of the benefits he is entitled to under the subject Policy.

COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN

23. For all the reasons set forth above, the decision to deny benefits was arbitrary, capricious, wrongful, unreasonable, and irrational, sorely contrary to the evidence and contrary to the terms of the Plan.

24. As a direct and proximate result of the Defendant's failure to provide MR. CEBELL with disability benefits, MR. CEBELL has been deprived of said benefits from November 19, 2019 to the present date.

25. As a further direct and proximate result of the denial of benefits, MR. CEBELL has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

26. A controversy now exists between the parties as to whether MR. CEBELL was and remains disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and is thus entitled to benefits from the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An award of benefits in the amount not paid Plaintiff from November 19, 2019 to the date of judgment herein, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid;

2. An order determining that Plaintiff is entitled to future payments so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and

4. For such other and further relief as the Court deems just and proper.

DATED: February 10, 2021                    DONAHUE & HORROW, LLP

                                            MICHAEL B. HORROW
                                            SCOTT E. CALVERT
                                            Attorneys for Plaintiff