# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CEBELL, | Case No.: 1:21-CV-00164-DAD-JLT |
| Plaintiff, | ORDER GRANTING UNOPPOSED MOTION FOR LIMITED DISCOVERY |
| v. | (Doc. 17) |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

In their joint scheduling report, the plaintiff reported that he believed he may need to conduct limited discovery. (Doc.12 at 5) In response, the Court ordered the defendant to lodge the administrative record. (Doc. 14). The Court directed the plaintiff to file a motion for discovery if, after review of the administrative record, he believed that discovery was warranted. Id.

The plaintiff filed a motion for limited discovery. (Doc. 17) In the motion, he seeks to propound one production request for the "entire claim file/Administrative Record." Id. at 18. The defense has filed an non-opposition to the motion providing that the plaintiff is required to file a separate motion to add extrinsic evidence to the record and reserving its right to object to the introduction of this evidence (Doc. 18 at 2).

Though the Court will grant the plaintiff the right to conduct the discovery he describes, whether the record will be amended to add any extrinsic evidence is a question that will depend on the information obtained and whether the relevant authorities allow for it. Thus, the Court **ORDERS**:

1. The plaintiff may propound a document request seeking, "The entire claim file/Administrative Record related to Mr. Cebell's claim for short-term disability benefits under the Hocking Denton Palmquist short-term disability plan."[1]

2. Counsel SHALL file an amended joint scheduling report proposing updated dates no later than July 23, 2021. After it reviews the report, the Court will determine whether a hearing is needed or whether it can issue a scheduling order without a hearing.

IT IS SO ORDERED.

Dated: **July 9, 2021**  _____ **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the defendant has already produced the administrative record to the plaintiff. (Doc. 18 at 2) Thus, presumably, the plaintiff is seeking only any documents that appear to be missing from the administrative record, rather than seeking another copy of the record already produced.